

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 26, 1962

Honorable H. F. Grindstaff
County Attorney
Fisher County Courthouse
Roby, Texas

Dear Mr. Grindstaff:

Opinion No. WW-1287

Re: Whether the County Executive
Committee in a county which
is subject to Art. 1903, V.
C.S., and which county votes
in a special election to have
a separate office of District
Clerk, may receive applica-
tions from candidates for
that office after the first
Monday in February.

In your letter you state that Fisher County's population is
now less than 8,000 inhabitants. The Texas Almanac for 1961-1962
shows that Fisher County had a population in 1950 of 11,023, and
the 1960 Federal Census shows a population of 7,865. Prior to
the 1960 census, and at the present time, Fisher County had and
now has both a District Clerk and a County Clerk; they having
been elected in 1958 for four year terms which expire on December
31, 1962, or as soon thereafter as their successors have qualified.

Section 20, Article 5, Texas Constitution, reads as follows:

"There shall be elected for each county,
by the qualified voters, a County Clerk,
who shall hold his office for four years,
who shall be clerk of the County and
Commissioners Court and recorder of the
county, whose duties, perquisites and
fees of office shall be prescribed by the
Legislature, and a vacancy in whose office
shall be filled by the Commissioners Court,
until the next general election; provided,
that in counties having a population of
less than 8,000 persons there may be an
election of a single Clerk, who shall
perform the duties of District and County
Clerks." /Emphasis added./

In conformity with this constitutional provision, the Legis-
lature enacted what is now Article 1903, V.C.S. Prior to the
3rd Called Session of the 57th Legislature, which convened on
January 3, 1962, and adjourned on February 1, 1962, Art. 1903,
V.C.S., read as follows:

"In counties having a population of less
than eight thousand persons, according to
the preceding federal census, only one clerk
shall be elected.  He shall take the oath
and give the bond required of clerks of both
the district and county courts, and shall
have the powers and perform the duties of
such clerks respectively."

If Art. 1903, V.C.S., still provided as set out above, Fisher
County would have no option, but would be required to elect a
combination county clerk-district clerk in 1962, to take office
on January 1, 1963.

At the 3rd Called Session of the 57th Legislature, Art. 1903,
V.C.S., was amended by S.B. 66.  This bill contained an emergency
clause, passed both houses of the Legislature by the requisite
two-thirds majority vote, and was signed by the Governor on
February 16, 1962, making the amendment effective that date.  As
amended, Art. 1903, V.C.S., now reads:

"In counties having a population of less
than eight thousand (8,000), according to
the last preceding Federal census, there
shall be elected a single clerk who shall
perform the duties of the district clerk
and the county clerk, unless a majority of
the qualified voters of the county who
participate in a special election, called
by the commissioners court for that purpose,
vote to keep the offices of county and district
clerk separate.  The commissioners court may
submit to the qualified voters of such counties,
at an election held at least thirty (30) days
before any regular primary election immediately
preceding the expiration of the constitutional
term of office of said clerk, the question of
whether the offices of district and county
clerk shall be separate or joint.  The same
question may again be submitted immediately
prior to the expiration of each subsequent
constitutional term of office of the separate
clerk.  Notice of such special election shall
be published in a newspaper of general circu-
lation in the county at least twenty (20)
days prior to such election.  No special
election as provided herein shall prevent any
county clerk, district clerk or joint clerk
from serving the full term of office to which
he was elected."

Under Art. 1903, V.C.S., Fisher County now has the option of retaining its separate offices of District Clerk and County Clerk, provided it so votes in a special election called for that purpose; or to have a joint clerk if it so votes at said special election; or to have a joint clerk by operation of law without holding any election.

At the time your letter was written, the Governor had not yet signed the act. You anticipate that the Fisher County Commissioners Court may call such an election. You state that the incumbent District Clerk has announced his candidacy for reelection to the office of district clerk, even though Fisher County will not elect a separate district clerk in 1962, unless such an election is called, and the vote is favorable.

Art. 13.12, Texas Election Code, provides that a request to go on the primary ballot shall be filed with the county chairman not later than the first Monday in February preceding the primary. This year the first Monday in February fell on February 5, 1962. Apparently the incumbent District Clerk was the only person to file for the office of District Clerk of Fisher County on or before February 5th.

You have asked the following question:

> "And now in case the Commissioners Court sets a date for an election and it is passed favorably for us to have a District Clerk in Fisher County, Texas, since it is past the date for anyone to announce for the office, and since there is only one announced, could others announce for the Office of District Clerk, if the people of Fisher County say by their vote that they desire a district clerk for Fisher County?"

It is our opinion that there are no officially announced candidates for the separate office of District Clerk of Fisher County at this time; that is, the prospective office of District Clerk of Fisher County, with a term to begin on January 1, 1963, did not exist on February 5, 1962.

Prior to the 3rd Called Session of the 57th Legislature, Art. 13.12, Texas Election Code, had the following provision:

> "2. . . . provided, however, that in the event there is no candidate for the nomination of any office due to the death of the one who had filed or for any other reason, applications may be filed not later than the first Monday in March preceding the primary."

At the 3rd Called Session of the 57th Legislature, Art. 13.12, Texas Election Code, was amended by S. B. 44, which contained an emergency clause was passed by each house of the Legislature by the required two thirds majority vote, and signed by the Governor and became effective on February 2, 1962. Art. 13.12, as amended by S. B. 44, deleted the words "or for any other reason", so the first Monday in March as an alternative filing date was not available.

Attorney General's Opinion No. WW-827 (1960) holds that where a vacancy in an office is created in the middle of a term of office by reason of death of the incumbent, and such vacancy arises too late for candidates to file by the regular filing date, that in the absence of any law governing such a situation, the County Executive Committee could authorize a nomination for the unexpired term and fix a date for filing. The opinion cites Kilday v. Germany, 139 Tex. 380, 163 S.W.2d 184 (1942)

While the term of District Clerk of Fisher County, to commence on January 1, 1963, if authorized in a special election, will not be for a "short" or unexpired term; nevertheless, we are of the opinion that the reasoning applied in Opinion No. WW-827 is equally applicable here. Our situation is not governed by any existing law. The office of District Clerk of Fisher County for a four year term to commence on January 1, 1963 does not now exist. If the office of district clerk is created by the special election, it will arise after the regular filing day. We have just learned that the Commissioners Court has ordered such special election to be held on March 24, 1962.

If such election results in a vote favorable to the creation of the office of District Clerk of Fisher County, the County Executive Committee may set a date for accepting applications from those who desire to file for the office. In setting a deadline for accepting applications, the County Executive Committee will necessarily take into consideration the amount of time required by the printer to prepare the ballots in time for absentee voting.

### SUMMARY

1. There are no legally filed candidates for the office of District Clerk of Fisher County at the present time, since such office with a term to commence on January 1, 1963, did not exist at the time of the regular filing date, February 5, 1962.

2. Fisher County, which is not now entitled to a District Clerk by reason of having

a population of less than 8,000 inhabitants, may continue to have a separate office of District Clerk if the voters of the county so decide in a special election called at the discretion of the Commissioners Court for that purpose, under Art. 1903, V.C.S.. as amended by S.B. 66, 3rd C.S., 57th Legislature.

3.  If the office of District Clerk of Fisher County is created by special election, such creation of such office will occur after the regular filing date.  The County Executive Committee, in the absence of any law governing such a situation may set a date for accepting applications to run for such office.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Riley Eugene Fletcher

Riley Eugene Fletcher
Assistant

REF/cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Grundy Williams
Marietta McGregor Payne
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.